UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------X
BRUCE KING,

              Petitioner,                        ORDER
                                                          03-CV-6045 (NGG)
      - against -

WILLIAM E. PHILLIPS, Superintendent,
Green Haven Correctional Facility,

              Respondent.
-----------------------------------------------------X
GARAUFIS, United States District Judge.

      Pro se petitioner Bruce King filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on September 15, 2003.[1] In response to the petition, the court issued an Order to Show Cause on March 12, 2004. The respondent, through the Queens County District Attorney, replied on April 14, 2004 and brought to the court's attention that King's petition is "mixed" because it contains four unexhausted claims and only one exhausted claim. King then replied to the District Attorney's letter with a May 14, 2004 letter to the court in which he explained the circumstances giving rise to his mixed petition. King requests that the court stay his exhausted claim and hold his petition in abeyance to afford him the opportunity to return to state court and exhaust his remaining claims. King also moves for a variety of other forms of relief, including the appointment of an attorney and the launching of an investigation into the alleged misconduct of the respondent. On March 7, 2005, the respondent replied to King's May 14, 2004 letter.

      Although a district court has the discretion to stay a mixed petition and hold it in

---

[1] The petition was originally filed in the Southern District of New York but subsequently transferred to this District by the November 15, 2003 Order of Chief Judge Michael Mukasey.

1

abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims, "stay and abeyance should be available only in limited circumstances." Rhines v. Weber, --- U.S. ---, 125 S.Ct. 1528, 1535 (2005). Specifically, a district court should only employ stay and abeyance when it "determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Id.

Here, King plainly attempted to circumvent the one year statute of limitations imposed upon habeas review by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) by parking his admittedly unexhausted claims in federal court with the hope that he would then be granted additional time to pursue the requisite state court remedies. This plan is evident from the events leading up to the filing of the instant petition. Following the required route of exhausting his New York state court remedies, King filed a motion to set aside the verdict in his case, pursuant to Criminal Procedure Law § 440, that addressed his unexhausted claims. This motion, however, was dismissed without prejudice on November 6, 2003 so that he could supply the "Exhibits" and "Memorandum of Law" that were referred to in his application but not included. Instead of resubmitting this motion, however, King decided to file the instant petition. Thus, a number of King's claims have never been addressed by New York's courts.

King claims that he had good cause for failing to exhaust his state court remedies because he was occupied by pursuing various forms of relief relating to the three separate convictions against him and because of disruptions caused by transferring among correctional facilities, as well as mistreatment by corrections officials. In explanation of his decision to forgo resubmitting his Article 440 motion, King suggests that he was unable to re-file it because he was delayed in obtaining the requisite documents through a protracted attempt to gather relevant

documents through a Freedom of Information Act request. The court notes, however, that the majority of King's unexhausted claims relate to issues about which King had direct knowledge, i.e., the conditions of his interrogation, the effectiveness of his counsel at trial, and the events at his trial, and therefore would not have required the support of outside documentation. While the court is sympathetic to the difficulties King may have faced in bringing litigation on multiple fronts under trying circumstances, it is also obliged to adhere to AEDPA and the limitations on review that it imposes. Taking into account the procedural history in this case and the nature of King's claims, the court finds that King has not made the requisite showing of good cause to justify staying his petition so that he may exhaust his unexhausted claims.

For these reasons, King's request for a stay of his petition is denied and the unexhausted claims, Grounds One through Four, are hereby dismissed. The court also denies King's request for appointment of counsel. A preliminary review of King's claims suggest that they do not "meet the threshold requirement that they 'seem[ ] likely to be of substance'" thereby justifying the appointment of counsel. Frazier v. Wilkinson, 842 F.2d 42, 46-47 (2d Cir. 1988) (quoting Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir.1986)). However, the court reserves the right to appoint such counsel in the future should it prove advisable.

The court hereby directs the respondent to show cause why a writ of habeas corpus should not be issued on King's single exhausted claim. Within thirty (30) days of receipt of this

Order, respondent shall serve a copy of its response on the petitioner. Petitioner, within thirty (30) days of receipt of a copy of the response, shall file a reply, if any.

SO ORDERED.

Date: May 3, 2005  
     Brooklyn, New York

/s/ Nicholas Garaufis  
NICHOLAS G. GARAUFIS  
United States District Judge