UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

BRUCE KING,

                             Petitioner,

      -against-

WILLIAM E. PHILLIPS, Superintendent,
Green Haven Correctional Facility,

                             Respondent.
-------------------------------------------------------------------X

**MEMORANDUM & ORDER**

**03-CV-6045 (NGG) (RB)**

NICHOLAS G. GARAUFIS, United States District Judge.

Petitioner Bruce King ("Petitioner"), proceeding pro se, seeks a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On November 6, 2008, Magistrate Judge Lois Bloom issued a Report and Recommendation ("R&R") recommending that the court deny the petition. (Docket Entry #32.) Petitioner timely filed Objections to the R&R. (Docket Entry #36.) Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, this court has conducted a de novo review of those portions of the R&R to which Petitioner has objected. For the reasons discussed below, Petitioner's Objections to the R&R are denied, and Judge Bloom's R&R is adopted in full.

## I. PETITIONER'S OBJECTIONS

This court has conducted a de novo review of the portions of the R&R to which Petitioner has objected.[1] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court presumes familiarity with the R&R and addresses each of Petitioner's Objections in turn.

---

[1] The court has reviewed those portions of the R&R to which Petitioner has not objected and finds them to be thorough, well-reasoned, and well-founded in applicable law. See Urena v. New York, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (where no timely objection has been made, the "court need only satisfy itself that there is no clear error on the face of the record.").

1

### A. Judge Bloom's Reliance on the State-Court Record

In his Objections, Petitioner contends that Judge Bloom's report was "based on an unreasonable determination of the facts" as set forth in the state-court record. (Obj. 2, 8, 4.) Under 28 U.S.C. § 2254, the court must presume the correctness of the trial court's factual findings unless Petitioner rebuts that presumption by "clear and convincing evidence." 28 U.S.C. § 2254(d)(2), (e)(1). The R&R describes the state-court record in detail and then considers certain facts with respect to the specific claims raised in the Petition, for example, that the voice lineup was unduly suggestive. (R&R 8-9.) Because Petitioner addresses many of the R&R's findings on the merits in his Objections, the court addresses each Objection in turn below. As to Petitioner's contentions that Judge Bloom erred by relying on the state-court record, after de novo review, this court concludes that Petitioner has not met his burden of "clear and convincing evidence" to rebut the presumption of the correctness of the trial court's factual findings.

### B. Voice Lineup

Petitioner objects to Judge Bloom's finding that he did not rebut the presumption of correctness of the state court's factual findings regarding the voice lineup. (Obj. 8.) Specifically, he contends that the federal habeas review of whether the voice procedures were unduly suggestive was prejudiced by reliance "upon the fabricated evidence of an alleged 'confirmatory' visual identification," which was "not resolved" during the state-court proceedings. (Id. at 9.)

As the R&R correctly sets forth, courts use a two-step inquiry to evaluate out-of-court identification procedures. Neil v. Biggers, 409 U.S. 188 (1972); Velazquez v. Poole, No. 04-CV-478 (ENV) (CLP), 2007 WL 3240550, at *23 (E.D.N.Y. Oct. 30, 2007). First, a court must

determine whether the procedure was impermissibly suggestive, and if so, whether it was so suggestive as to raise "a very substantial likelihood of irreparable misidentification." Neil, 409 U.S. at 198; see United States v. Wong, 40 F.3d 1347, 1359 (2d Cir. 1994). If the procedure was unnecessarily suggestive, the court must then determine whether the identification was independently reliable. Manson v. Braithwaite, 432 U.S. 98, 110-14 (1977); Raheem v. Kelly, 257 F.3d 122, 133 (2d Cir. 2001). In short, identification evidence is admissible if: (1) the procedure was not suggestive, or (2) the witness's identification has independent reliability. See Raheem, 257 F.3d at 133 (citation omitted).

The R&R describes the voice identification procedures – both the testimony regarding the voice identification procedures and the subsequent physical lineup at which the witness identified Petitioner – and correctly applies the legal standard. The R&R notes that "that the voice lineup was not recorded does not render the lineup impermissibly suggestive." (R&R 10, quoting People v. Wallington, 271 A.D.2d 384 (N.Y. App. 1st Dep't 2000).) The R&R also notes that that "even if the voice identification had been suggestive, the [state] Court found that the procedure was independently reliable," noting that the state court had found that the identification was "merely confirmatory, since the identifying witness had worked with the defendant for years, and the defendant acknowledged that he was well acquainted with the witness." (Id. at 9, 10 (quoting People v. King, 291 A.D.2d 413 (N.Y. App. Div. 2d Dep't 2002).) The R&R concludes that Petitioner did not rebut the presumption of correctness of the trial court's factual findings by clear and convincing evidence, 28 U.S.C. § 2254(d)(2), (e)(1), and that the state court's decision that the lineup was not suggestive was neither contrary to nor involved an unreasonable application of clearly established federal law. (R&R 10, 11.)

3

Petitioner's Objection is without merit. Following de novo review, the court agrees with Judge Bloom's conclusion that Petitioner has not rebutted the presumption of correctness of the state court's factual findings by clear and convincing evidence as required by Section 2254. (R&R 10.) Moreover, even if Petitioner could show that the evidence of the "confirmatory" visual lineup was fabricated, Petitioner has not shown that the voice identification procedures were suggestive such that they raised a "very substantial likelihood of irreparable misidentification." Neil, 409 U.S. at 198. Under federal law, if the procedure was not suggestive, the identification presents no problems regarding admissibility. See Jarrett v. Headley, 802 F.2d 34, 42 (2d Cir. 1986); Ortiz v. Artus, No. 06-CV-6444 (DAB) (JCF), 2008 WL 2369218, at *6 (S.D.N.Y. Jun. 9, 2008). Accordingly, the state court's decision that the lineup was not suggestive was neither contrary to nor an unreasonable application of clearly established federal law. Therefore, the court adopts in full Judge Bloom's recommendation that this claim be denied.

### C. Grand Jury

The R&R rejects Petitioner's claims that the prosecutor's alleged misconduct impaired the integrity of the grand jury proceedings. (R&R 13.) First, Judge Bloom found that this claim is unexhausted and thus procedurally barred; second, she found that even if the claim were reviewed on the merits, it should be denied, because a claim of deficiencies in the state grand jury proceedings is not cognizable on federal habeas review where, as here, Petitioner was found guilty by a petit jury. (Id.) In his Objections, Petitioner asserts that he "agrees with the Magistrates deduction. However, [he] contends that prosecution's actions and inactions during the grand jury proceeding contributed to the pattern of cumulative misconduct, which impaired

4

the integrity of every subsequent proceeding and part of the prosecution's conspiracy to deprive him of due process . . . ." (Obj. 10.)

Following de novo review, the court concludes that the R&R correctly concludes that Petitioner's claim is procedurally defaulted. First, the claim was not properly exhausted in state court, Baldwin v. Reese, 541 U.S. 27, 29 (2004); Jackson v. Edwards, 404 F.3d 612, 618 (2d Cir. 2005); second, Petitioner no longer has any procedure available in state court to raise this claim, Aparicio v. Artuz, 269 F.3d 78, 90 (2d Cir. 2001); and third, Petitioner has not demonstrated cause, prejudice, or a showing of actual innocence that would entitle him to habeas review despite a procedural default, see Dretke v. Haley, 541 U.S. 386, 388 (2004).

The court also agrees with Judge Bloom's finding that even if claim were reviewable on the merits, such a claim is not cognizable on federal habeas review, because Petitioner was found guilty by a petit jury. See United States v. Mechanik, 475 U.S. 66, 70 (1986) ("The petit jury's verdict of guilty beyond a reasonable doubt demonstrates a fortiori that there was probable cause to charge the defendants with the offenses for which they were convicted. Therefore, the convictions must stand despite the [grand jury] rule violation."); United States v. Eltayib, 88 F.3d 157, 173 (2d Cir. 1996) (interpreting Mechanik and holding that a claim of prosecutorial misconduct fails because "a guilty verdict by a petit jury remedies any possible defects in the grand jury indictment."); see also Lopez v. Riley, 865 F.2d 30, 32 (2d Cir. 1989) ("If federal grand jury rights are not cognizable on direct appeal where rendered harmless by a petit jury, similar claims concerning a state grand jury proceeding are a fortiori foreclosed in a collateral attack brought in a federal court."). While Petitioner asserts in his Objections that the prosecutorial misconduct regarding the grand jury "contributed to the pattern of cumulative misconduct," his claim – which in any event is procedurally defaulted – would be foreclosed by

5

the case law holding that a claim of prosecutorial misconduct in the grand jury proceedings is not cognizable on habeas review. The court thus adopts Judge Bloom's R&R regarding this claim in full.

### D. Right to Counsel

Petitioner asserts in his Objections that Judge Bloom "errs in determining that Petitioner's right to counsel was not violated, warranting suppression" of statements Petitioner made to Internal Affairs Bureau ("IAB") officers and a gun recovered on the basis of those statements. (Obj. 10.)

Under federal law, the right to assistance of counsel is "offense specific" and "attaches only to charged offenses." Texas v. Cobb, 532 U.S. 162, 164 (2001). While a defendant may have a Sixth Amendment right to counsel in a case where the adversarial process has been initiated against him, that right does not attach to an unrelated case in which the adversarial process has not been initiated.[2] Rivera v. Conway, 350 F. Supp. 2d 536, 548 (S.D.N.Y. 2004).

Judge Bloom found that Petitioner's right to counsel was not violated, because while incarcerated for the robbery case that is the subject of this petition, Petitioner was interviewed by IAB detectives at his own request and voluntarily gave them information about two unrelated cases. (R&R 16.) The purpose of the interview was to evaluate the substance of Petitioner's allegation against Officer Meehan, the arresting officer in the robbery case; Petitioner alleged that Officer Meehan failed take action on a double homicide about which Petitioner had given him information. (Id.) Petitioner told the detectives that he had the gun that was used in the double homicide, and arranged for the IAB detectives to obtain the gun. (Id. at 2.) The R&R

---

[2]As Judge Bloom points out in the R&R, the New York right to counsel is broader than the federal right to counsel. (R&R 16.) Under New York law, once a defendant is represented by counsel on the charge for which he is in custody, "custodial interrogation about any subject, whether related or unrelated to the charge upon which representation is sought or obtained, must cease." People v. Burdo, 91 N.Y.2d 146, 149 (1997) (quotation omitted). To the extent that a state-law claim is broader than the analogous federal right, the state-law claim is not cognizable on federal habeas review. (R&R 16 (citing cases).)

notes that the IAB detective testified that he did not learn the reason Petitioner was in custody until the day after he conducted his interview, and once the detectives determined that the recovered gun was not used in the double homicide, they took no further action. (Id. at 16.) More than a year later, when the prosecutor for the robbery case called the IAB detectives to ask about any potential Rosario material, they produced Petitioner's gun to her. (Id.) Judge Bloom concluded that "although the gun was ultimately used against him in the . . . robbery case, under the facts presented here, where plaintiff volunteered the information and the gun to the IAB detectives, there was no Sixth Amendment violation of Petitioner's right to counsel." (Id. at 16-17.)

Following de novo review, this court similarly concludes that the state court's decision was not contrary to or an unreasonable application of clearly established federal law. The court thus adopts this portion of the R&R in full.

### E. Trial Court's Exclusion of Testimony

In his petition, Petitioner had contended that his due process right to present a defense was violated when the state court precluded McHugh from testifying, and that although he served subpoenas on various witnesses, including McHugh, no one appeared in response to the subpoenas. (R&R 17.) Judge Bloom noted that the state court directed Petitioner to be ready to present his defense on a certain date, and when petitioner was not ready on that date, the court granted an adjournment to the following date. (Id. at 18.) The next morning, only one of the eleven defense witnesses testified. (Id.)

Judge Bloom recommended that Petitioner's claim be denied. First, she reasoned that Petitioner failed to demonstrate that the court's actions were arbitrary or that his defense was substantially impaired by the court's denial of his request for another adjournment, and even if

7

he could do so, he fails to show that the testimony of any of those witnesses could be exculpatory; second, she concluded that any evidentiary error was harmless. (Id. at 19-20.) In particular, Judge Bloom concluded, based on the entire record, that: (1) the judge provided petitioner with ample opportunity to have his witnesses present in court; (2) the record is unclear as to why the subpoena for McHugh was rejected, though Respondent asserts that Petitioner misspelled the name "McHugh"; (3) Petitioner's allegation that McHugh was a "crucial" witness was conclusory and not supported by the record; and (4) in any event, any evidentiary error did not have a substantial and injurious effect in determining the jury's verdict. (See R&R 19-20.)

In his Objections, Petitioner contends that "[t]he Magistrate erroneously rejects the Petitioner's due process violation as to being denied the right to present a defense." (Obj. 11.) In particular, he contends that "Petitioner tried to prepare his defense in a fraction of the time afforded to the prosecution" and that Detective McHugh, a witness whom the trial court precluded from testifying, "was a prosecutor's witness and Petitioner never played a role in preparing the subpoenas." (Id. at 11-12.)

As to Petitioner's Objections, Petitioner's assertion that he had far less time to prepare his defense compared to the time spent preparing by the prosecution does not address Judge Bloom's R&R and cannot be construed to be an objection to it. Regarding Petitioner's second assertion, that Petitioner never played a role in preparing subpoenas, the court notes that regardless of whether Petitioner played a role in preparing subpoenas, Petitioner has not contradicted Judge Bloom's conclusions that the trial court judge provided Petitioner with ample opportunity to have his witnesses in court, that Petitioner's allegation that McHugh was a "crucial" witness was conclusory and unsupported by the record, and that any error was harmless. Upon de novo

review, the court agrees with Judge Bloom's recommended findings of fact and law and adopts this portion of the R&R in full.

## II. CONCLUSION

For the reasons above, after conducting a <u>de novo</u> review of those portions of the R&R to which Petitioner has objected, Judge Bloom's R&R is adopted in its entirety. As Petitioner has not made a substantial showing of the denial of any constitutional right, no certificate of appealability shall issue. Pursuant to 28 U.S.C. § 1915(a), <u>in forma pauperis</u> status is denied for the purposes of any appeal. The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: Brooklyn, New York
       March  31, 2009

_/s/ Nicholas G. Garaufis___
NICHOLAS G. GARAUFIS
United States District Judge